UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:19-cv-02373

FRED NEKOUEE, individually,                          :
                                                     :
              Plaintiff,                             :
                                                     :
vs.                                                  :
                                                     :
GLOBEA PROPERTIES ASSOCIATES, LLC,                   :
a Delaware limited liability company; and            :
                                                     :
SAFEWAY INC., a Delaware corporation,                :
                                                     :
              Defendant.                             :
_____/

**<u>COMPLAINT</u>**
(Injunctive Relief Demanded)

PLAINTIFF, FRED NEKOUEE, individually, on his behalf as a mobility impaired individual (sometimes referred to as "Plaintiff"), hereby sues the Defendants, GLOBEA PROPERTIES ASSOCIATES, LLC, a Delaware limited liability company; and SAFEWAY INC., a Delaware corporation (sometimes referred to as "Defendants"), for injunctive relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.     Plaintiff, Fred Nekouee, is an individual who resides in Lutz, Florida, in the County of Hillsborough.

2.     Defendants' properties, the Safeway grocery store and parking lot, are located at and near 1632 Hover Street, Longmont, Colorado 80501, in Boulder County ("Safeway").

3.     Venue is proper in the District of Colorado because venue lies in the judicial district of the situs of the property.  The Defendants' property and store are located in and do business

within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the

Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.   See also 28 U.S.C. § 2201 and § 2202.

5.      Defendant Globea Properties Associates, LLC owns, leases, leases to, or operates a

place of public accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(E), and the

regulations implementing the ADA, 28 CFR 36.201(a) and 36.104.

6.      Defendant Safeway Inc. owns, leases, leases to, or operates a place of public

accommodation as defined by the ADA, 42 U.S.C. § 12181(7)(E), and the regulations

implementing the ADA, 28 CFR 36.201(a) and 36.104.

7.      Safeway is a place of public accommodation.

8.      Defendants are responsible for complying with the obligations of the ADA.

9.      Plaintiff Fred Nekouee is a Florida resident, is sui juris, and qualifies as an individual

with disabilities as defined by the ADA.   Fred Nekouee has progressive multiple sclerosis, has

weak limbs, and requires the use of a wheelchair for mobility.

10.      Mr. Nekouee travels to the Longmont-Firestone area every three to six months to

accompany his brother at heavy equipment auctions and to visit heavy equipment dealerships,

where he assists his brother compare prices to equipment available in other areas, or to help his

brother evaluate whether to buy or sell heavy equipment, or to vacation.

11.      Fred Nekouee has visited the property which forms the basis of this lawsuit on July

31, 2018, September 30, 2018 and on May 8, 2019, and he bought goods and sought to avail

himself of the goods and services at Safeway on such dates.

12.      Fred Nekouee attended a heavy equipment auction in the area on October 3, 2018

and on May 8, 2019, and he visited Rocky Mountain National Park on a day trip on October 2, 2018.

13.     Fred Nekouee plans to return to the property to avail himself of the goods and services offered to the public at the property.

14.     The Plaintiff has definite plans to return to the area and to Safeway, in late September or early October of 2019.

15.     Safeway is close to the hotels he stays at in the area and is close to the heavy equipment auction and dealerships he visits.

16.     The Plaintiff likes to take groceries back to his hotel.

17.     The Plaintiff likes the grocery items and fruit at Safeway.

18.     The Plaintiff plans to return to buy groceries at Safeway again.

19.     For the reasons set forth in paragraphs 10-18 and 29, Fred Nekouee plans to return to Safeway.

20.     The Plaintiff has encountered architectural barriers at the subject property.

21.     The barriers to access that the Plaintiff encountered at the property have endangered his safety, impaired his ability to access the property, and have impaired his use of the restrooms in Safeway.

22.     The Plaintiff's need to use a wheelchair limits his mobility when surfaces are not nearly flat.

23.     The Plaintiff cannot move up steep inclines or down steep slopes in his wheelchair because he lacks the strength and also risks tipping his wheelchair backwards or forwards.

24.     Excessively steep cross slopes cause the Plaintiff to be unstable in his wheelchair and such excessively steep slopes pose a risk of causing the Plaintiff to tip over sideways in his

wheelchair.

25.     On his visit to Safeway, the Plaintiff encountered slopes in its parking lot steeper than 1:48 (2%) and that are also steeper than 3.1%.

26.     The Plaintiff encountered and observed barriers to access the men's restroom in Safeway; and so, he also tried to use the women's restroom in Safeway, in which women's restroom he also encountered and observed barriers to access.

27.     The Plaintiff is deterred from visiting Safeway even though he enjoys its groceries, because of the difficulties he will experience there until the property is made accessible to him in a wheelchair.

28.     Fred Nekouee has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 34 of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendants.

29.     Fred Nekouee desires to visit Safeway not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

30.     The Defendants have discriminated against the individual by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the building, as prohibited by 42 U.S.C. § 12182 et seq.

31.     The Defendants have discriminated, and are continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26,

1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

32.     Preliminary inspections of Safeway have shown that violations of the ADA exist at Safeway.

33.     The descriptions of the physical conditions are accurate in each romanette (i) in each lettered subparagraph of paragraph 34 of this Complaint.

34.     The violations of the ADA that Fred Nekouee personally encountered or observed during his visits to Safeway include, but are not limited to:

**PARKING**

a.   (i) In the parking lot, the access aisles serving the parking spaces for disabled patrons in front of Safeway do not extend the full length of the parking spaces they serve. (ii) These access aisles serving the parking spaces for disabled patrons in front of Safeway do not extend the full length of the parking spaces they serve, in violation of Federal Law 2010, ADAAG § 502.3.2.   (iii) The Plaintiff parked in front of Safeway in these parking spaces and encountered three of these access aisles in his wheelchair, and the lack of markings that extend the full length of the parking space endangered his safety.   (iv) The action required to extend the markings for these access aisle the full length of the parking spaces as set forth in ADAAG Figure 502.3 is easily accomplishable and able to be carried out without much difficulty or expense.

b.   (i) In the parking lot, the parking space marked for disabled patrons and the access aisle that adjoin the stormwater drain grate in front of Safeway have running and cross slopes that are at least as steep as 3.1%.   (ii) This parking space marked for disabled patrons and this access aisle have running and cross slopes steeper than 4% and steeper

than the maximum allowed slope of 1:48, in violation of Federal Law 2010, ADAAG § 502.4.   (iii) In his wheelchair, the Plaintiff encountered the slopes in this parking space and access aisle, and the slopes made his wheelchair unstable, and the slopes made it difficult for him to unload from and load back into his vehicle.   (iv) The action required to reduce the slopes in this parking space and in this access aisle is easily accomplishable and able to be carried out without much difficulty or expense.

    c.   (i) In the parking lot, the parking space for marked for disabled patrons shown in the photograph below has a cross slope that is steeper than 3.1%.   (ii) This parking space for disabled patrons has a cross slope steeper than 3.1% and steeper than the maximum allowed slope of 1:48 (2.08%), in violation of Federal Law 2010, ADAAG § 502.4   (iii) The Plaintiff encountered this cross slope in this parking space and it made his wheelchair unstable.   (iv) The action required to reduce the cross slope of this parking space is easily accomplishable and able to be carried out without much difficulty or expense.



    d.   (i) The openings in the drain grate shown in the photograph below, which drain

grate is located in a parking space for disabled patrons and in the adjoining access aisle, are about 1 inch wide.   (ii) The openings in this drain grate allow passage of a sphere more than a ½ inch in diameter, in violation of Federal Law 2010, ADAAG § 302.3.   (iii) The Plaintiff observed and had to avoid this drain grate to prevent the wheels of his wheelchair from getting stuck in this grate.   (iv) The action required to replace this drain grate is easily accomplishable and able to be carried out without much difficulty or expense.



**SAFEWAY INTERIOR SERVICE AREA**

e.    (i) Several of the buttons of the ATM machine in Safeway are higher than 48 inches above the floor.   (ii) Several of the buttons of the ATM machine in Safeway are

higher than 48 inches above the finish floor and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG 308.2.2.  (iii) Due to the height of these buttons above the floor, the Plaintiff tried but could not use this ATM machine.  (iv) The action required to reduce the height of this ATM machine or to replace it are easily accomplishable and able to be carried out without much difficulty or expense.

**MEN'S RESTROOM IN SAFEWAY**

f.  (i) In the men's restroom in Safeway, the time for the door to the men's restroom to close from an open position of 90 degrees to 12 degrees from the latch is less than 5 seconds.  (ii) The time for this door to close from an open position of 90 degrees to a position of 12 degrees from the latch is about 3 seconds and less than the minimum required time of 5 seconds, in violation of Federal Law 2010, ADAAG § 404.2.8.1.  (iii) The Plaintiff encountered this door while moving in his wheelchair, and the door closed on his wheelchair before he could get through this door.  (iv) The action required to adjust the door closer is easily accomplishable and able to be carried out without much difficulty or expense.

g.  (i) In the men's restroom in Safeway, the lavatory clear floor space is partially blocked by the wall-mounted paper towel dispenser and is less than 30 inches.  (ii) The clear floor space width in front of the sink (lavatory) is about 26 inches and less than the required minimum width of 30 inches since it is partially blocked by the wall-mounted paper towel dispenser, in violation of Federal Law 2010, ADAAG §§ 305.3 and 606.2. (iii) The Plaintiff used this sink in the men's restroom, and due to the location of the paper towel dispenser, he could not make a forward approach in his wheelchair to this sink.  (iv) The action required to replace or relocate this paper towel dispenser is easily

accomplishable and able to be carried out without much difficulty or expense.

h.   (i) In the men's restroom in Safeway, the distance from the centerline of the toilet to the side wall is greater than 18 inches.   (ii) The distance from the centerline of this toilet to the side wall is not between a minimum of 16 inches and a maximum of 18 inches, in violation of Federal Law 2010, ADAAG § 604.2.   (iii) Due to the distance from the centerline of this toilet to the side wall, it was difficult for the Plaintiff to use the side wall grab bar and toilet paper dispenser.   (iv) The action required to relocate the toilet or to reduce the space between the centerline of the toilet and the side wall is easily accomplishable and able to be carried out without much difficulty or expense.

i.   (i) In the men's restroom in Safeway, the liquid soap dispenser is higher than 48 inches above the floor.   (ii) This liquid soap dispenser is about 53 inches above the finish floor and higher than 48 inches above the finish floor, and outside of the reach range of an individual in a wheelchair, in violation of Federal Law 2010, ADAAG § 308.2.2.   (iii) The Plaintiff tried but could not reach this liquid soap dispenser from his wheelchair.   (iv) The action required to relocate this liquid soap dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

**WOMEN'S RESTROOM IN SAFEWAY**

j.   (i) The force needed to open the entrance door to the women's restroom door in Safeway is more than 5 pounds.   (ii) The force needed to open this door is about 8 pounds and greater than the maximum allowed force of 5 pounds (22.2 N), pertaining to the continuous application of force necessary to fully open a door, in violation of Federal Law 2010, ADAAG § 404.2.9.   (iii) Due to the force necessary to open this door, the Plaintiff required assistance to open this door and to enter the women's restroom.   (iv) The action

required to reduce the force necessary to fully open this door is easily accomplishable and able to be carried out without much difficulty or expense.

k.   (i) In the women's restroom, the space between the bottom of the side wall grab bar and the top of the toilet paper dispenser is less than 1.5 inches.   (ii) The space between the bottom of this side wall grab bar and the top of this toilet paper dispenser is about 0.75 inches and less than the minimum required space of 1.5 inches, in violation of Federal Law 2010, ADAAG § 609.3.   (iii) The Plaintiff encountered this lack of adequate space between this side wall grab bar and the toilet paper dispenser, and it made it difficult for him to transfer from his wheelchair to the toilet and back again.   (iv) The action required to relocate the toilet paper dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

l.   (i) In the women's restroom in Safeway, the lavatory clear floor space is partially blocked by the wall-mounted paper towel dispenser and is less than 30 inches.   (ii) The clear floor space width in front of the sink (lavatory) is about 16 inches and less than the required minimum width of 30 inches since it is partially blocked by the wall-mounted paper towel dispenser, in violation of Federal Law 2010, ADAAG §§ 305.3 and 606.2. (iii) The Plaintiff used this sink in the women's restroom, and due to the location of the paper towel dispenser, he could not make a forward approach to this sink.   (iv) The action required to replace or relocate this paper towel dispenser is easily accomplishable and able to be carried out without much difficulty or expense.

m.   (i) In the women's restroom in Safeway, the toilet paper dispenser dispenses toilet paper at a position whose centerline is not between 7 and 9 inches from the front of the toilet.   (ii) The centerline of this toilet paper dispenser is about 18 inches from the front of

the toilet when the roll furthest from the toilet is dispensed and not between a minimum of 7 inches and a maximum of 9 inches from the front of the toilet, in violation of Federal Law 2010, ADAAG § 604.7.   (iii) Due to the location of this toilet paper dispenser and the location of where it dispenses toilet paper, the Plaintiff could not reach toilet paper from a normal sitting position on the toilet.   (iv) The action required to replace this toilet paper dispenser with an ADA compliant dispenser and to place it in the proper location is easily accomplishable able to be carried out without much difficulty or expense.

n.   (i) In the women's restroom in Safeway, the operation of the entrance door latch requires tight grasping and pinching.   (ii) The operation of this door latch requires tight grasping and pinching, in violation of Federal Law 2010, ADAAG §§ 309.4 and 404.2.7. (iii) The Plaintiff tried but could not operate this door latch with a closed fist or loose grip. (iv) The action required to replace this door latch is easily accomplishable and able to be carried out without much difficulty or expense.

35.   All of the foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

36.   The discriminatory violations described in paragraph 34 are not an exclusive list of the Defendants' ADA violations.   Plaintiff requires the inspection of the Defendants' place of public accommodation in order to determine if any areas to which he encountered barriers that prevented his access are not compliant with the ADA.

37.   The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendants' building and its facilities, and have otherwise been discriminated against and damaged

by the Defendants because of the Defendants' ADA violations, as set forth above.   The individual

Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and

damage without the immediate relief provided by the ADA as requested herein.

38.     Defendant has discriminated against the individual by denying individuals access

to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or

accommodations of its place of public accommodation or commercial facility in violation of 42

U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq.

39.     Furthermore, the Defendants continue to discriminate against the Plaintiff, and all

those similarly situated, by failing to make reasonable modifications in policies, practices or

procedures, when such modifications are necessary to afford all offered goods, services, facilities,

privileges, advantages or accommodations to individuals with disabilities; and by failing to take

such efforts that may be necessary to ensure that no individual with a disability is excluded, denied

services, segregated or otherwise treated differently than other individuals because of the absence

of auxiliary aids and services.

40.     Plaintiff is without adequate remedy at law and is suffering irreparable harm.

Considering the balance of hardships between the Plaintiff and Defendants, a remedy in equity is

warranted.

41.     Plaintiff has retained the undersigned counsel and is entitled to recover attorney's

fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR

36.505.

42.     Defendants are required to remove the existing architectural barriers to the

physically disabled when such removal is readily achievable for its place of public accommodation

that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been

an alteration to Defendants' places of public accommodation since January 26, 1992, then the Defendants are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendants' facilities are ones which were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendants' facilities must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

43.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).   All other conditions precedent have been met by Plaintiff or waived by the Defendants.

44.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff injunctive relief, including an order to require the Defendants to alter the Safeway and the adjoining parking lot to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendants cure their violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.     The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b.     Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible

to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205, 28 U.S.C. § 1920, 42 U.S.C. § 2000e-5(k), and 42 U.S.C. § 12117(a).

d.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff, Fred Nekouee, by and through his undersigned counsel, hereby designates Denver, Colorado as the place of trial for this action.

Respectfully submitted,

s/Robert J. Vincze_____
Robert J. Vincze (CO #28399)
Law Offices of Robert J. Vincze
PO Box 792
Andover, Kansas 67002
Phone: 303-204-8207
Email: vinczelaw@att.net

*Attorney for Plaintiff Fred Nekouee*